KELLEY DRYE & WARREN LLP
Robert I. Steiner
Michael J. Maloney
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
*Attorneys for Plaintiff*

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 03 2010 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LABORATORY CORPORATION OF
AMERICA HOLDINGS,

    Plaintiff,

-against-

TRITIUM GROUP, INC. AND TRITIUM
CARD SERVICES, INC.,

    Defendant.

MATSUMOTO, J.

POHORELSKY, M.J.

CV10- 3566

CIVIL ACTION NUMBER: _____

**COMPLAINT**

Plaintiff Laboratory Corporation of America Holdings ("Plaintiff" or "LabCorp"), by its attorneys Kelley Drye & Warren LLP, as and for its Complaint against Tritium Group, Inc. and Tritium Card Services, Inc. ("Defendant" or "Tritium"), alleges as follows:

## NATURE OF THE ACTION

1. This action is for damages suffered by LabCorp as the result of Tritium's breach of a sublease agreement under which Tritium agreed to sublease from LabCorp (the "Sub-sublease") a portion of LabCorp's offices at 51 Charles Lindbergh Boulevard / Ste 2, Uniondale, New York 11553 (the "Tritium Area").

2. Tritium breached its obligations pursuant to the Sub-sublease by failing to: (1) pay rent for March, April, and May 2007; (2) vacate the Tritium Area by May 31, 2007; (3) pay rent for the holdover period of June 1 to June 26, 2007; and (3) indemnify LabCorp for

penalties and additional rent paid by LabCorp because of Tritium's failure to vacate the Tritium Area by May 31, 2007.

3. As a result of these breaches, LabCorp has suffered damages in excess of $242,263.85.

## THE PARTIES

4. Plaintiff LabCorp is a corporation organized under the laws of the State of Delaware with its principal place of business located at 358 South Main Street, Burlington, North Carolina.

5. Upon information and belief, defendant Tritium Card Services, Inc. (n/k/a Tritium Technologies, Inc.) is a corporation organized under the laws of the State of New York.

6. Defendant Tritium Card Services, Inc. has listed with the New York State Department of State the address 51 Charles Lindbergh Boulevard / Ste 2, Uniondale, New York 11553 as Tritium Card Services, Inc.'s principal place of business.

7. Upon information and belief, defendant Tritium Card Services, Inc.'s (n/k/a Tritium Technologies, Inc.)'s principal place of business is located at 865 Merrick Avenue, Westbury, New York 11590.

8. Upon information and belief, defendant Tritium Group, Inc. is a corporation organized under the laws of the State of New York with its principal place of business located at 865 Merrick Avenue, Westbury, New York 11590.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, is in excess of $75,000.

10. Venue is proper in this district under 28 U.S.C. § 1391(a)(3) in that Tritium Group, Inc. and Tritium Card Services, Inc. are both residents of this district.

## BACKGROUND

### LabCorp Subleases Premises At 51 Lindbergh Boulevard, Uniondale, New York

11. LabCorp conducts, *inter alia*, medical laboratory testing and houses a number of different departments and laboratories at its location at 51 Lindbergh Boulevard, Uniondale, New York (the "Premises").

12. LabCorp occupies all of the rentable area of the Premises (108,000 square feet) pursuant to a sublease agreement, as restated on August 1, 1991, amended on December 31, 1997, assigned on January 6, 1998 and further amended on April 18, 2007, June 21, 2007, and November 30, 2007 (together the "Sublease Agreement"), with 51 Charles Lindbergh Boulevard SPE, LLC, successor in interest to Rekson Operating Partnership, L.P. (the "Sublandlord"). (A copy of the Sublease Agreement is attached hereto as Exhibit A).

13. The Sublease agreement provides that LabCorp may further sublet all or part of the Premises subject to certain terms and conditions, including but not limited to the payment of penalties and/or additional rent if any sub-subtenant continues in possession after May 31, 2007.

### Tritium Subleases The Tritium Area From LabCorp

14. On or about March 30, 2000, LabCorp and Tritium entered into an agreement whereby LabCorp agreed to sublease (the "Sub-sublease") 29,585 square feet of the Premises (the "Tritium Area") to Tritium. (A copy of the Sub-sublease is attached hereto as Exhibit B).

15. The Sub-sublease was to commence on March 15, 2000 and end on May 31, 2007 with rent to be paid monthly in advance on the first day of each month.

16. The Sub-sublease further provided that Tritium was responsible for payment of $5,700.00 per annum as payment for gas utility charges assessed for hearing and other regular office purposes. Tritium agreed to pay such amount prorated per month as additional rent per month.

17. The Sub-sublease required that Tritium pay $114,000.00 as a security deposit (the "Security Deposit") to be held in a non-interest bearing account for one (1) year from the date of commencement and that the Security Deposit will be reduced from $114,000.00 to $57,000.00 if, after one year after the commencement of the Sub-sublease, Tritium has not defaulted in the performance of any term or condition of the Sub-sublease during the initial year of the term.

18. Under the Sub-sublease Tritium agreed to pay reasonable attorneys' fees if any rent owning under the Sub-sublease is collected by or through an attorney.

19. Tritium Card Services, Inc. and Tritium Group, Inc. are jointly and severally liable for all duties and obligations set forth in the Sub-sublease, per the terms of the Sub-sublease.

20. Tritium is obligated, under the Sub-sublease, to indemnify LabCorp from any and all claims by or on behalf of any person, firm or corporation, as a result of Tritium's occupancy and use of the Tritium Area, occasioned in whole or in part by any negligent or intentional act or omission of Tritium, its employees, invitees, licensees or agents.

4

21.     The Sub-sublease further provided that that there will be no renewal of the Sub-sublease and that Tritium will pay two times the rate applicable in the month prior if Tritium remains in possession of the Tritium Area after the expiration of the term of the Sub-sublease.

22.     By letter dated April 19, 2000, the Sub-sublease was amended such that its term commenced on April 4, 2000 with modifications to the schedule of rent payments. All other terms of the Sub-sublease remained in full force and effect.

23.     On or about April 4, 2000, Tritium took possession of the Tritium Area from LabCorp.

24.     Tritium began making rent payments on or about August 2000, as scheduled under the Sub-sublease as amended by the April 19, 2000 letter.

25.     On or about April 4, 2001, the Security Deposit of $114,000.00 was reduced to $57,000.00.

**LabCorp and Tritium Further Amend the Sub-sublease**

26.     On or about January 2, 2003, LabCorp and Tritium entered into an agreement to amend the Sub-sublease (the "First Amendment"). (A copy of the First Amendment to the Sub-sublease is attached hereto as Exhibit C.)

27.     The First Amendment provided that the Security Deposit would be reduced from $57,000.00 to $32,000.00 with the balance applied equally to the monthly rent for the months of September 1, 2002 through January 31, 2003. Pursuant to the First Amendment, the monthly rent for the period of September 1, 2002 to January 31, 2003 was $34,900.00.

28.     The First Amendment further provided that, commencing February 1, 2003, Tritium would continue making the scheduled payments of $39,900.00, as required under the Sub-sublease as amended by the April 19, 2000 letter.

5

29. All other terms of the Sub-sublease, as amended by the April 19, 2000 letter, remained in full force and effect.

30. Tritium failed to pay the full amount of rent due for the months of January, February, March, April and May 2003.

31. On or about March 2003, LabCorp and Tritium entered into an agreement to further amend the Sub-sublease (the "Second Amendment"). (A copy of the Second Amendment to the Sub-sublease is attached hereto as Exhibit D.) The Second Amendment provided that, *inter alia*, Tritium would reimburse LabCorp for the past due rent with interest in the total amount of $166,441.92. The Second Amendment further provided that reimbursement would be made in monthly installments in the amount of $3,467.54 in addition to Tritium's monthly rent.

32. Pursuant to the Second Amendment, Tritium agreed to a new monthly rent schedule. During the period of May 2006 to April 2007, Tritium agreed to pay monthly rent equal to $39,271.73 plus the amount of $475.00 for gas utility charges and the monthly reimbursement payment of $3,467.54 for a total of $43,214.27 per month.

33. All other terms of the Sub-sublease, as amended by the April 19, 2000 letter and the First Amendment, remained in full force and effect.

## Tritium's Breaches Of The Sub-sublease As Amended

34.  On or about December 29, 2005, Tritium made a payment in the amount of $55,480.64, which was applied to the then remaining balance of the monthly reimbursement payments set forth in the Second Amendment.

35.  On or about December 5, 2006, Tritium made a payment in the amount of $12,000.00, which was applied to the amount due for the month of November 2006 leaving a balance due of $27,746.73.

36.  Without LabCorp's consent, Tritium used a portion of its remaining deposit towards the balance due for the month of November 2006. After applying a portion of its deposit towards the balance due for the month of November 2006, Tritium's deposit was reduced to $4,253.27.

37.  On or about March 1, 2007, Tritium made a payment in the amount of $39,746.73, which was applied to the amount due for the month of February 2007.

38.  Tritium failed to make any rent payments for the months of March, April, and May 2007.

39.  By letter dated May 15, 2007, LabCorp demanded payment from Tritium for rent due for March, April, and May 2007 and gave notice to make arrangements concerning vacating the Tritium Area when the term of the Sub-sublease ended on May 31, 2007. (A copy of the May 15, 2007 letter is attached hereto as Exhibit E.)

40.  Tritium failed to vacate the Tritium Area by May 31, 2007, resulting in additional rent and penalties paid by LabCorp to the Sublandlord in the amount of $53,349.38.

41.  Tritium vacated the Tritium area on June 26, 2007.

42. Tritium has failed to make any rent payments for March, April, May, and June 2007.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

43. LabCorp restates and realleges each of the allegations made in paragraphs 1 through 42 above.

44. The Sub-sublease, as amended on April 19, 2000, December 10, 2003 and June 1, 2003, was a valid contract between LabCorp and Tritium whereby Tritium agreed to, *inter alia*, pay monthly rent to LabCorp and to pay two times the monthly rent if Tritium continued in possession of the Tritium Area after May 31, 2007.

45. Tritium breached the Sub-sublease by failing to make payment of rent for March, April, and May 2007.

46. Tritium breached the Sub-sublease by continuing in possession of the Tritium Area after the expiration date of May 31, 2007 as holdover tenant for a period of 26 days, from June 1, 2007 to June 26, 2007.

47. Tritium breached the Sub-sublease by failing to pay rent equal to two times the rate applicable in the month prior to June 2007.

48. Tritium's breach of the Sub-sublease has resulted in damages to LabCorp in an amount of not less than $188,914.47 plus interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Indemnity)

49. LabCorp restates and realleges each of the allegations made in paragraphs 1 through 48 above.

50. The Sub-sublease was a valid contract between LabCorp and Tritium whereby Tritium agreed to indemnify LabCorp from any and all claims by or on behalf of any

8

person, firm or corporation, as a result of Tritium's occupancy and use of the Tritium Area, occasioned in whole or in part by any negligent or intentional act or omission of Tritium, its employees, invitees, licensees or agents.

51. Tritium's holdover of the Tritium Area from June 1 to June 26, 2007 resulted in damages to LabCorp in the form of penalties and additional amounts paid by LabCorp to Sublandlord.

52. Tritium's breach of the Sub-sublease has resulted in damages to LabCorp in an amount of not less than $53,349.38 plus interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

53. LabCorp restates and realleges each of the allegations made in paragraphs 1 through 52 above.

54. LabCorp provided Tritium with use and possession of the Tritium Area from April 4, 2000 to May 30, 2007. Tritium accepted, used, enjoyed, and benefited from its use and possession of the Tritium Area from on or about April 4, 2000 until June 26, 2007.

55. Tritium failed to compensate LabCorp in the amount of $188,914.47 for the use and possession of the Tritium Area during March, April, May, and June 2007. LabCorp had a reasonable expectation of compensation for Tritium's use and possession of the Tritium Area during this period.

56. Tritium's unlawful refusal to compensate LabCorp for the use and possession of the Tritium Area during March, April, May, and June 2007 has unjustly enriched Tritium to the substantial detriment of LabCorp.

57. It is contrary to equity and good conscience to allow Tritium to retain the payments it owes LabCorp for the use and possession of the Tritium Area during March, April, May, and June 2007.

58. Tritium has been unjustly enriched by its enjoyment of the amounts it owes LabCorp for the use and possession of the Tritium Area during March, April, May, and June 2007. LabCorp is entitled to recover all amounts by which Tritium was unjustly enriched.

## FOURTH CAUSE OF ACTION
### (Quantum Meruit)

59. LabCorp restates and realleges each of the allegations made in paragraphs 1 through 58 above.

60. LabCorp, in good faith, provided Tritium with the use and possession of the Tritium Area from April 4, 2000 to May 30, 2007 with the expectation of receiving compensation for Tritium's use and possession of the Tritium Area during that period and for any period of time during which Tritium held over past May 30, 2007.

61. Tritium accepted the Tritium Area for its use and possession on or about April 4, 2000 and continued in possession of the Tritium Area until June 26, 2007.

62. Tritium failed to compensate LabCorp in the amount of $188,914.47 for the use and possession of the Tritium Area during March, April, May, and June 2007.

63. Tritium is liable to LabCorp for the value of the use and possession of the Tritium Area during March, April, May, and June 2007, in an amount to be determined at trial, but not less than $188,914.47.

WHEREFORE, Plaintiff LabCorp demands judgment as follows:

        (a)     On Count I, an award of damages to LabCorp in the amount of not less than $188,914.47, plus reasonable attorneys' fees and the costs and expenses in bringing this action against Tritium;

        (b)     On Count II, an award of damages to LabCorp in the amount of not less than $53,349.38, plus reasonable attorneys' fees and the costs and expenses in bringing this action against Tritium;

        (c)     On Count III, an award of damages to LabCorp in an amount to be determined at trial, but not less than $188,914.47, plus the costs and expenses in bringing this action against Tritium;

        (d)     On Count IV, an award of damages to LabCorp in an amount to be determined at trial, but not less than $188,914.47, plus the costs and expenses in bringing this action against Tritium;

        (e)     Awarding LabCorp pre-judgment interest, and;

        (f)     For such other and further relief as this Court deems just, equitable and proper.

## JURY DEMAND

LabCorp hereby demands a trial by jury as to all claims.

Dated: New York, New York
August 3, 2010

KELLEY DRYE & WARREN LLP

By: _____
Robert I. Steiner
Michael J. Maloney
101 Park Avenue
New York, New York
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Plaintiff*
*Laboratory Corporation of America Holdings*